9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth D. JONES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aretha Lavon RATLIFF, Defendant-Appellant.
 Nos. 92-3462, 93-3160.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1993.
 
 Before TACHA, SETH, and ALDISERT[1], Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 In these appeals, Kenneth Jones and Aretha Lavon Ratliff challenge their convictions for possessing cocaine with intent to distribute in violation of 21 U.S.C. 841(a)(1). Jones also appeals his conviction for using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c)(1). We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 I. Background
 
 2
 On the afternoon of May 27, 1992, Kansas Highway Patrol Trooper Arthur Wilburn observed a vehicle traveling northbound on U.S. Highway 75. Using a stopwatch and visual contact, Trooper Wilburn clocked the vehicle and determined its speed to be 64 miles per hour (mph) in a 55 mph zone. Trooper Wilburn stopped the vehicle for speeding and subsequently arrested the driver, Kenneth D. Jones, on outstanding warrants and for driving with a suspended driver's licence. Trooper Wilburn also arrested the passenger of the vehicle, Aretha Lavon Ratliff, for transporting an open container of alcohol.
 
 
 3
 After placing Jones and Ratliff under arrest, Trooper Wilburn conducted an inventory search of the vehicle pursuant to Kansas Highway Patrol Policy. Trooper Wilburn discovered a .22 caliber semiautomatic handgun and a .45 caliber revolver in the vehicle. He also found a purse on the right front seat that contained a pager, rolling papers, a marijuana cigarette, and baggies of crack cocaine. In searching the trunk, he discovered a set of electronic scales inside a Mervyn's clothing bag.
 
 
 4
 After advising them of their Miranda rights, Trooper Wilburn interviewed Jones and Ratliff separately. Ratliff admitted during her interview that the crack cocaine in the purse belonged to her. Jones stated during his interview that he owned the guns found in the vehicle. Trooper Wilburn also asked for Jones's written consent to search the vehicle[3] using a "drug dog," and Jones inquired, "If I don't, you'll look anyway?" Trooper Wilburn responded that he could obtain a search warrant if Mr. Jones did not consent. Jones then executed a consent form authorizing Trooper Wilburn to search the vehicle. The canine search of the vehicle's trunk yielded seven and one-half ounces of crack cocaine wrapped in women's clothing.
 
 
 5
 Jones and Ratliff were indicted for possessing cocaine with intent to distribute in violation of 21 U.S.C. 841(a)(1). Jones was also indicted for carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c)(1). After the district court denied their motions to suppress incriminating evidence and statements, Jones and Ratliff entered conditional guilty pleas. Jones and Ratliff now bring this appeal challenging the district court's denial of their motions to suppress.
 
 II. Discussion
 
 6
 Jones and Ratliff advance several arguments in contending that the district court erred in denying their motions to suppress incriminating evidence and statements obtained by Trooper Wilburn. When reviewing the denial of a motion to suppress, we accept the district court's findings of fact unless they are clearly erroneous. United States v. Morales-Zamora, 974 F.2d 149, 151 (10th Cir.1992). "However, the ultimate determination of reasonableness under the Fourth Amendment is a conclusion of law, which we review de novo." Id.
 
 A. Pretextual Stop
 
 7
 Jones and Ratliff first argue that Trooper Wilburn's initial stop of Jones's vehicle was pretextual. The question of whether the stop of a vehicle for a misdemeanor traffic infraction is pretextual turns on whether the stop was objectively reasonable under the circumstances. United States v. Guzman, 864 F.2d 1512, 1517 (10th Cir.1988). We inquire "whether under the same circumstances a reasonable officer would have made the stop in the absence of the invalid purpose." Id. at 1517 (citation omitted). After carefully reviewing the record, we find that a reasonable officer would have stopped Jones for speeding and that therefore Trooper Wilburn's stop of Jones's vehicle was not pretextual.[4]
 
 B. Inventory Search
 
 8
 Jones and Ratliff next contend that Trooper Wilburn's inventory search of Jones's vehicle was improper. Inventory searches are permissible if they are "conducted according to standardized criteria." Colorado v. Bertine, 479 U.S. 367, 374 n.6 (1987). We conclude, as did the district court, that Trooper Wilburn's inventory search of Jones's vehicle was proper and in accordance with the established written policy of the Kansas Highway Patrol.[5]
 
 C. Voluntary Consent
 
 9
 Jones asserts that the consent to the canine search of his vehicle was given involuntarily. A police officer may search a vehicle, even without probable cause, if voluntary consent is given. United States v. Rivera, 867 F.2d 1261, 1265 (10th Cir.1989). "The voluntariness of consent always must be determined from the totality of the circumstances." United States v. Price, 925 F.2d 1268, 1271 (10th Cir.1991). Here, Trooper Wilburn told Jones that he could obtain a search warrant if Jones did not consent to a search of his vehicle. Jones then executed a consent form authorizing Trooper Wilburn to search his vehicle. Based on the totality of the circumstances, we find that Jones voluntarily consented to the search. See United States v. Hummer, 916 F.2d 186, 190 (4th Cir.1990) ("The fact that a search warrant was mentioned does not necessarily constitute a coercive factor negating consent.") (internal quotations omitted), cert. denied, 111 S.Ct. 1608 (1991); United States v. Talkington, 843 F.2d 1041, 1049 (7th Cir.1988) ("the threat to obtain a search warrant, by itself, does not vitiate a voluntary consent").
 
 D. Voluntary Statement
 
 10
 Ratliff argues that the district court erred in finding that her incriminating statements to Trooper Wilburn were made voluntarily. In determining whether a particular confession is voluntary, we apply a totality of the circumstances test. United States v. Short, 947 F.2d 1445, 1449 (10th Cir.1991), cert. denied, 112 S.Ct. 1680 (1992). We may consider the intelligence and education of the individual being questioned, whether the individual was advised of her constitutional rights, the length of the detention, the prolonged nature of the questioning, and whether the individual was physically punished. Id. Based on the evidence in the record, we are convinced that Ratliff voluntarily made the incriminating statements to Trooper Wilburn.
 
 III. Conclusion
 
 11
 We AFFIRM the district court's denial of the motions to suppress for substantially the same reasons given by the district court. We therefore AFFIRM Jones's and Ratliff's convictions.
 
 
 
 [1]
 The Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [3]
 Trooper Wilburn suspected that additional drugs were hidden in the vehicle's trunk because Jones and Ratliff appeared extremely nervous when Wilburn inventoried the trunk area but appeared to be relieved when Wilburn concluded the inventory search and locked the trunk
 
 
 [4]
 Jones argues that the district court improperly focused on Trooper Wilburn's subjective intent in concluding that the stop of Jones's car was reasonable and therefore not pretextual. We disagree. The district court's Memorandum and Order makes it clear that the district court applied the objective test and found that "the trooper's conduct was objectively reasonable."
 Jones also asserts that, had the district court granted his motion for a continuance to procure expert testimony, he would have been able to establish objective facts which would have shown that the methods employed by Trooper Wilburn in clocking Jones's vehicle were inaccurate. "We review the district court's decision to deny a continuance for abuse of discretion and do not reverse unless we conclude that the denial was arbitrary or unreasonable and materially prejudiced the appellant." United States v. West, 828 F.2d 1468, 1469 (10th Cir.1987). Based upon our review of the record, we cannot say that the district court abused its discretion in denying Jones's motion for a continuance.
 
 
 [5]
 Jones and Ratliff also argue that Trooper Wilburn's arrest of Ratliff was merely a pretext to facilitate an inventory search of Jones's vehicle. The record is devoid of any evidence of such a pretext